STATE, WILLIAM H. RANKIN, PROSECUTOR, v. JAMES H. LOVE, COLLECTOR OF JERSEY CITY.

1. Assessment of taxes on personal property of prosecutor, in 1882, in Jersey City. The property, at the time of the assessment, was in Jersey City, on premises in possession of the prosecutor. The prosecutor, at the time, resided in the city of Elizabeth. *Held*, that the act of 1869, which provides for the taxation of personal property, *where found*, in the county of Hudson and some other counties, was rendered nugatory by the amended constitution which went into effect in 1875.
2. In 1882 the general tax law was in force in Jersey City, under which personal property is assessed in the township or ward *where the owner resides*.

On *certiorari*.    In matter of tax.

Argued at November Term, 1883, before Justices REED and PARKER.

For the prosecutor, *Gilhooly & Marsh*.

The opinion of the court was delivered by

PARKER, J.    This *certiorari* brings up the assessment of taxes for 1882, levied in Jersey City upon personal property of the prosecutor. At the time of the assessment the prosecutor resided in the city of Elizabeth. The articles of personalty assessed were upon premises in Jersey City, in possession of the prosecutor.

The general tax law provides that the tax on personal property shall be assessed on each inhabitant liable to personal tax in the township or ward where he resides.

In the year 1869 a special act was passed, applicable to certain counties, among which was the county of Hudson, which act provided for the taxation of personal property where found, without regard to the residence of the owner. If that special act had been in force in Jersey City in the

Newbold v. Taylor.

year 1882, this assessment would be legal. But its provisions were rendered nugatory by the amended constitution of the state, which went into effect in 1875. The twelfth paragraph of section 7 of article 4 of the amended constitution provides that "property shall be assessed for taxes under general laws and by uniform rules." When this amendment went into effect it repealed the special law of 1869, and restored the general law to the counties which had been affected by it. It did not require an act of the legislature repealing that special law in direct terms. This amendment to the constitution executed itself, and operated as an abrogation of all special laws for assessing property for taxes. *State, North Ward Bank, pros.*, v. *Newark*, 10 *Vroom* 380; *S. C.*, 11 *Vroom* 558.

The assessment is set aside, with costs.